IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: REAL VEBA TRUST | : | CIVIL ACTION |
| | : | NO. 14-1484 |
| IN RE: KORESKO LAW FIRM, P.C. | : | NO. 14-1485 |
| IN RE: SINGLE EMPLOYER WELFARE BENEFIT PLAN TRUST | : | NO. 14-1486 |
| IN RE: PENN-MONT BENEFIT SERVICES, INC. | : | NO. 14-1487 |
| IN RE: KORESKO & ASSOCIATES, P.C. | : | NO. 14-1488 |
| IN RE: PENN PUBLIC TRUST | : | NO. 14-1489 |

MEMORANDUM

McLaughlin, J.                                              April 23, 2015

After the U.S. Bankruptcy Court for the Eastern District of Pennsylvania dismissed six voluntary Chapter 11 bankruptcy petitions filed by the same debtors as the above-captioned matters[1] (the "Pennsylvania Debtors"), the instant bankruptcy cases were initiated a month later by involuntary bankruptcy petitions in the U.S. Bankruptcy Court for the Middle

---

[1] Because these original cases were eventually dismissed by the bankruptcy court, they have different petition numbers than the above-captioned cases. These original petitions were from 2013: In re Regional Employers Assurance Leagues Voluntary Employees' Beneficiary Association, No. 13-bk-16440; In re Single Employer Welfare Benefit Plan Trust, No. 13-bk-16441; In re Penn Public Trust, No. 14-bk-16443; In re Penn-Mont Benefit Services, Inc., No. 13-bk-16444; In re Koresko & Associates, P.C., No. 13-bk-16445; In re Koresko Law Firm, P.C., No. 13-bk-16446.

District of Florida. The Florida court subsequently transferred the cases to this Court in an order dated December 6, 2013.

For the reasons that follow, the Court will dismiss the cases with prejudice and order that petitions may not be refiled in any other court unless and until the Pennsylvania Debtors obtain approval and authority from this Court and, in the event that the Pennsylvania Debtors do file, the automatic stay pursuant to 11 U.S.C. § 362(b)(4) is ineffective until this Court rules otherwise. In addition, the Court finds that Koresko & Associates, P.C., Koresko Law Firm, Penn Public Trust, and Penn-Mont Benefit Services, Inc., are each liable to the U.S. Trustee for $350.00.

I.   Facts

The facts of this case are intricately connected to the facts in Perez v. Koresko, No. 09-cv-988, 2015 WL 505471 (E.D. Pa. Feb. 6, 2015) judgment entered, No. 09-cv-988, 2015 WL 1182846 (E.D. Pa. Mar. 13, 2015). For the sake of completeness, this memorandum incorporates the facts of Perez, particularly as they relate to the plans at issue.

On July 23, 2013, the same date that the Court enjoined the Koresko Defendants[2] in Perez v. Koresko, No. 09-cv-

---

[2] The "Koresko Defendants" include John J. Koresko, V; PennMont Benefit Services, Inc.; Koresko & Associates, P.C.;

2

988 (Docket No. 436), from, among other things, taking any action that would reduce the value of the underlying policies, the Pennsylvania Debtors filed voluntary Chapter 11 bankruptcy petitions in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.[3] Each petition was signed by Mr. John J. Koresko in his capacity as "debtor." See, e.g., In re Single Employer Welfare Benefit Plan Trust, No. 13-bk-16441 (Docket No. 1).

After various motions and hearings on those motions over the course of a little more than a month, the bankruptcy court dismissed the cases on September 3, 2013, for failure to file a satisfactory application to retain counsel, as previously ordered by the court. See, e.g., In re Single Employer Welfare Benefit Plan Trust, No. 13-bk-16441 (Docket No. 88). The orders dismissing the petitions of Penn Public Trust, the Single Employer Welfare Benefit Plan Trust, the Regional Employers Assurance Leagues Voluntary Employees' Beneficiary Association,

---

Koresko Law Firm, P.C.; and Penn Public Trust. Perez v. Koresko, No. 09-cv-988, 2015 WL 505471, at *90 (E.D. Pa. Feb. 6, 2015) judgment entered, No. 09-cv-988, 2015 WL 1182846 (E.D. Pa. Mar. 13, 2015).

[3] Although generally a suggestion of bankruptcy would stay all related actions, this Court found that, because 11 U.S.C. § 362(b)(4) provides an exception for the "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," the U.S. Department of Labor's case against the Koresko Defendants and Ms. Jeanne Bonney would "remain active and proceed." Perez v. Koresko, No. 09-cv-988 (Docket No. 446).

3

and Penn-Mont Benefit Services, Inc., also provided that the "Debtor's request for a stay of this dismissal is denied for the reasons stated on the record ... because the Debtor is unlikely to prevail on appeal and because the balance of the equities favors the plan beneficiaries as the Debtor's delay in this case has harmed them but benefitted the Debtor herein" (Id.).

Although the Pennsylvania Debtors filed notices of appeal, Mr. Koresko subsequently withdrew them and the appeals were dismissed with prejudice on November 12, 2013. See, e.g., In re Single Employer Welfare Benefit Plan Trust, No. 13-bk-16441 (Docket No. 106); see also In re Real Employers Assurance Leagues Voluntary Employees' Beneficiary Association Trust, No. 13-cv-6148 (Docket No. 5).

On October 1, 2013, less than a month after the cases were dismissed but before the motions for voluntary dismissal were filed, Michael Graham, John D. Braddock, Truman Gailey, and Jim Malone filed the instant involuntary bankruptcy petitions under Chapter 11 in the Middle District of Florida. See, e.g., In re Koresko & Associates, P.C., No. 13-bk-5991 (Docket No. 1). That same day, Scott Alan Orth, Esq., filed consents to entry of order for relief on behalf of the Pennsylvania Debtors. After Mr. Orth withdrew the consents in the cases involving the

Trusts,[4] the bankruptcy court entered orders for relief in the remaining four cases. See, e.g. In re Koresko & Associates, P.C., No. 13-bk-5991 (Docket No. 3).

Eight days later, on October 9, 2013, at the request of the Wagner Law Group, this Court appointed Roberta A. Colton, attorney at the law firm Trenam Kemker, to represent the interests of the Trusts in the Florida litigation. Perez v. Koresko, No. 09-cv-988 (Docket No. 533).[5] The U.S. Trustee for Region 21 subsequently made an appearance in the case and filed a motion on October 24 to transfer the cases to the Eastern District of Pennsylvania or, in the alternative, to dismiss the cases altogether, which was joined by the U.S. Department of Labor and the Wagner Law Group, in its capacity as Independent Fiduciary to the Trusts. See, e.g., In re Koresko & Associates, P.C., No. 13-bk-5991 (Docket Nos. 25, 30, 34).

On December 6, 2013, the cases were transferred by order out of the Middle District of Florida to the Eastern District of Pennsylvania. In his decision to transfer the

---

[4] "Trusts" collectively refers to the Real Employers Assurance Leagues Voluntary Employees' Beneficiary Association Trust and the Single Employer Welfare Benefit Plan Trust.

[5] Mr. Orth subsequently filed schedules in the matters involving Koresko & Associates, P.C., Koresko Law Firm, and Penn Public Trust. See, e.g., In re Koresko & Associates, P.C., No. 13-bk-5991 (Docket No. 71).

5

bankruptcies, Judge Funk stated that "the Debtors are the primary, if not the sole, beneficiaries of the involuntary petitions filed in this Court to side-step the rulings in both the Pennsylvania District Court and the Pennsylvania Bankruptcy Court. . .. [T]his Court cannot sanction such apparent abuse of the bankruptcy process." Findings of Fact and Conclusions of Law and Order Transferring Venue of Cases at 15, In re: Koresko & Associates, P.C., No. 13-bk-5991 (Bankr. M.D. Fla. Dec. 6, 2013) (Docket No. 63). See also Perez v. Koresko, No. 09-cv-988, 2015 WL 505471 (E.D. Pa. Feb. 6, 2015) judgment entered, No. 09-cv-988, 2015 WL 1182846 (E.D. Pa. Mar. 13, 2015). The Florida court further noted that Koresko Law Firm and Koresko & Associates, P.C., both "represent that [Penn-Mont Benefit Services, Inc.] has no assets and that [Penn Public Trust] has no assets beyond holding legal title of trust assets." Findings of Fact and Conclusions of Law and Order Transferring Venue of Cases at 15, In re: Koresko & Associates, P.C., No. 13-bk-5991 (Bankr. M.D. Fla. Dec. 6, 2013) (Docket No. 63).

After being given docket numbers in the Eastern District of Pennsylvania, this Court withdrew the reference to the bankruptcy court in these cases and the cases were put in suspense pursuant to 11 U.S.C. § 305 on March 25, 2014, upon motion from the U.S. Trustee. Perez v. Koresko, No. 09-cv-988 (Docket No. 709); see, e.g., In re REAL VEBA Trust, No. 14-cv-

6

1484 (Docket No. 8). The Court then issued its memorandum opinion in the underlying Department of Labor case against the Koresko Defendants and Ms. Bonney on February 6, 2015. Perez v. Koresko, No. 09-cv-988, 2015 WL 505471, at *90 (E.D. Pa. Feb. 6, 2015) judgment entered, No. 09-cv-988, 2015 WL 1182846 (E.D. Pa. Mar. 13, 2015). Following the release of the decision but before judgment was entered, the Court asked all parties in interest to file a statement of their views with respect to the future of the bankruptcy matters, to include whether the cases should be dismissed. See, e.g., In re REAL VEBA Trust, No. 14-cv-1484 (Docket No. 33). The U.S. Trustee responded on March 12, 2015, and recommended dismissal with prejudice. See, e.g., In re REAL VEBA Trust, No. 14-cv-1484 (Docket No. 34).

II. Analysis

A. Dismissal

Section 1112 of the Bankruptcy Code, 11 U.S.C. § 1112, provides that,

> on request of a party in interest, and after notice and a hearing, the court shall convert ... or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). Relevant here, the Code defines "cause" nonexclusively, to include, for example, "gross mismanagement of

7

the estate." 11 U.S.C. § 1112(b)(4). "[A]fter notice and a hearing" is also a defined term, such that a court may act without an actual hearing if notice is "given properly" and if "such a hearing is not requested timely by a party in interest" or "there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act." Id. § 102(1)(B).

The Third Circuit has long held that bankruptcy petitions filed under Chapter 11 are "subject to dismissal under 11 U.S.C. § 1112(b)[,] unless filed in good faith," and that the bankruptcy petitioner bears the burden to prove good faith. In re 15375 Mem'l Corp. v. Bepco, L.P., 589 F.3d 605, 618 (3d Cir. 2009) (citing In re Integrated Telecom Express, Inc., 384 F.3d 108, 118). A "good faith" standard is intended to balance the interests of the debtors and the creditors, while ensuring that the bankruptcy process is not used by debtors as a mere litigation tactic to delay creditors. In re SGL Carbon Corp., 200 F.3d 154, 161-62 (3d Cir. 1999).

Similarly, Rule 9011 of the Federal Rules of Bankruptcy Procedure demands that representations to a court must not be "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation"; that "the allegations and other factual contentions have evidentiary support or, if specifically so

8

identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery"; and that any "denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." Fed. R. Bankr. P. 9011. When a debtor files a bankruptcy petition "with no intention of obtaining the benefits or the goals for which the proceeding was designed or with no intention of pursuing those proceeding[s] to their natural conclusion, the bankruptcy code is being abused and bankruptcy rule 9011 is being violated." In re Dami, 172 B.R. 6, 11 (Bankr. E.D. Pa. 1994) (alterations in original).

If a court decides to dismiss a bankruptcy petition, prejudice generally does not attach and the debtor has the right to file a subsequent petition. See 11 U.S.C. § 349(a). However, in certain circumstances when there is "cause," a court may dismiss a bankruptcy petition with prejudice to the refiling of a subsequent petition. Id.; see also In re Spear, 203 B.R. 349, 354 (Bankr. D. Mass. 1996) ("Instead the majority of courts have held that § 349(a) permits the dismissal of a case with prejudice to the refiling of a subsequent petition where the court finds 'cause.'").

Given the facts herein, the Court finds that it has "cause" to dismiss the cases with prejudice under 11 U.S.C. §

9

1112(b). The Pennsylvania Debtors used the bankruptcy process as a means to impede the Department of Labor's prosecution against them and not as a means to benefit the beneficiaries, in direct violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure. Because this is the second time that this Court is faced with the issue of dismissal by these debtors, and because the Court does not believe it a mere coincidence that the instant cases were filed in Florida immediately after judgment by this Court in the first bankruptcies, the Court further holds that no petitions may be refiled in any other court unless and until the Pennsylvania Debtors obtain approval and authority from this Court. See 11 U.S.C. § 349(a).

Finally, in the event that the Pennsylvania Debtors do file, the automatic stay pursuant to 11 U.S.C. § 362(b)(4) is ineffective until this Court rules otherwise. Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, a petition is considered to be filed not in good faith when "more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending with the preceding 1-year period." 11 U.S.C. § 362(c)(3)(C); see also Tidewater Fin. Co. v. Williams, 498 F.3d 249, 259 (4th Cir. 2007) ("And if the debtor dismisses and refiles more than two Chapter 13 petitions within a year, the automatic stay does not go into effect upon the filing of a third or subsequent

petition."). Because that is exactly what occurred here, the Court is left with no choice but to find that the instant petitions were filed in bad faith. The Court therefore holds that the automatic stay that is generally applied to such petitions will not apply to the Pennsylvania Debtors until this Court holds otherwise.

B. Fees

Under 28 U.S.C. § 1930(a)(6), a debtor is obligated to pay a quarterly fee to the U.S. Trustee "in each case under chapter 11 of title 11 for each quarter ... until the case is converted or dismissed." The Third Circuit has reiterated that "each Debtor in its respective Chapter 11 case is required to pay its own quarterly fee." In re Genesis Health Ventures, Inc., 402 F.3d 416, 421 (3d Cir. 2005). The fee is dependent upon disbursements, i.e., the less the disbursements, the lower the fee. The minimum quarterly fee payable per case in any given quarter is $325.00, while the maximum is $30,000.00. Although "disbursement" is not defined in the statute, it has been interpreted by its "ordinary, contemporary, common meaning" as "to expend" or "to pay out." In re Genesis Health Ventures, Inc., 402 F.3d at 421-22 (quotation marks removed). In other words, disbursements are "payments made by an unrelated third party to secured creditors of the debtor." Id.

11

Although it is unclear what amount, if any, the Pennsylvania Debtors disbursed, the Court finds Koresko & Associates, P.C., Koresko Law Firm, Penn Public Trust, and Penn-Mont Benefit Services, Inc., each liable for the minimum amount owing to the U.S. Trustee: $325.00.  If the U.S. Trustee believes it is entitled to more, it may submit a brief to the Court explaining with specificity why any higher fees are mandatory.

An appropriate Order shall follow separately.